IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES DOMER BRENNER et al.,

    Plaintiffs,

v.                      CASE NO.  4:14cv107-RH/CAS

RICK SCOTT, etc., et al.,

    Defendants.

_____/

SLOAN GRIMSLEY et al.,

    Plaintiffs,

v.                      CASE NO.  4:14cv138-RH/CAS

RICK SCOTT, etc., et al.,

    Defendants.

_____/

**ORDER SETTING A PARTIAL SCHEDULE
AND CONSOLIDATING THE CASES FOR
<u>CASE-MANAGEMENT PURPOSES</u>**

Each party appeared through counsel at a case-management conference conducted by telephone on April 18, 2014. The proposed intervenor did not appear.

For the reasons set out on the record of the case-management conference, and without objection from any party,

IT IS ORDERED:

1. These cases are consolidated for case-management purposes only and will be maintained on a common docket under Consolidated Case No. 4:14cv107. Any of these papers must be filed in the individual case to which the paper relates: a complaint (or counterclaim, cross-claim, or third-party complaint), answer, motion to intervene, judgment, notice of appeal, or motion to amend or amended version of any of them. Any other paper that is applicable to either case must be filed in the common docket (Consolidated Case No. 4:14cv107) and must not be filed separately in Case No. 4:14cv138. A paper—other than a complaint (or counterclaim, cross-claim, or third-party complaint), answer, motion to intervene, judgment, notice of appeal, or amended version of any of them—that is filed in the common docket will be deemed filed in both cases. The pending motions to consolidate (ECF Nos. 23 & 28 in Case No. 4:14cv107 and ECF No. 15 in Case No. 4:14cv138) are GRANTED to this extent and otherwise denied without prejudice.

2. The deadline is April 25, 2014, for any plaintiff to move for a preliminary injunction, to supplement a preliminary-injunction motion, or to submit evidence in support of a preliminary-injunction motion.

3. The deadline is May 12, 2014, for any defendant to respond to any complaint that is now pending.

4. The deadline is May 12, 2014, for any defendant to file a memorandum and evidence in opposition to a preliminary-injunction motion.

5. The deadline is May 27, 2014, for any plaintiff to file a memorandum in opposition to any motion to dismiss filed by May 12, 2014.

6. The deadline is May 27, 2014, for any plaintiff to file a reply memorandum in support of a preliminary-injunction motion.

7. The deadlines for parties as set out in paragraphs 2 through 6 above also apply to intervenors on the same side.

8. The parties should avoid repeating arguments in more than one filing. Incorporation by reference is encouraged.

9. A ruling may be made without a hearing on any preliminary-injunction motion or motion to dismiss. Proceedings on a preliminary-injunction motion and the merits will not be consolidated without a further notice and opportunity to be heard. The schedule for further proceedings will be set by an order that will be entered after May 27, 2014.

10. The defendant Clerk's motion to extend time, ECF No. 29 in Case No. 4:14cv107, is GRANTED as set out above.

11. The deadline for responding to the motions to intervene, ECF No. 22 in Case No. 4:14cv107 and ECF No. 13 in Case No. 4:14cv138, remains April 21, 2014.

12. Local Rule 56.1, which addresses summary-judgment procedures, will not apply in this case. The following procedures will apply instead:

(a) A party who moves for summary judgment must file at the same time a memorandum of up to 25 pages and any supporting evidence not already in the record. The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief—not a statement of undisputed facts in the form specified in Local Rule 56.1. A statement of facts must not be set out in a separate document.

(b) An opposing party must file within 21 days—without a three-day extension based on the manner in which the motion is served—a memorandum of up to 25 pages and any opposing evidence not already in the record. The opposing party must not file a separate document responding to the moving party's statement of facts.

(c) The moving party may file a reply memorandum of up to 10 pages. The deadline for a reply memorandum is the earlier of (a) seven days after the opposing

memorandum is filed—without a three-day extension based on the manner in which the opposing memorandum is served—or (b) two days before the pretrial conference.

(d) *Each memorandum must include pinpoint citations to the record evidence supporting each factual assertion.*

(e) The page limit for a memorandum may be increased by an agreement of the parties or on a motion showing good cause, but the parties should take note: a longer memorandum is usually less persuasive, not more.

(f) A motion may be resolved against a party without a hearing at any time after the party has had an opportunity to file a memorandum and materials under this paragraph.  If a motion has not been resolved and a party has filed a separate request for a hearing, the clerk must set a hearing.  The hearing must be set for an available date at least two days after the due date for the reply memorandum.  The hearing will be conducted by telephone if, at least two days before the hearing, a party so requests.  The hearing may be combined with the pretrial conference if doing so will not delay the hearing by more than two weeks.

13.   If attorney's fees are awarded, the lodestar will be determined based only on hours for which contemporaneous time records—in the form required by Local Rule 54.1—were made and retained.  But the records must not be filed with the clerk until necessary in connection with a motion to award fees; the Local Rule

54.1 requirement to file the records with the clerk each month will not apply in this case. An attorney must disclose to another party on request the total number of hours devoted to the case for any month by attorneys and other time keepers.

      14.    Deadlines will be determined based on this order, other applicable orders, and the governing rules. Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

      15.    The parties may begin discovery without awaiting an attorney conference under Federal Rule of Civil Procedure 26(f).

      SO ORDERED on April 21, 2014.

                          s/Robert L. Hinkle
                          United States District Judge