# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JAMES DOMER BRENNER et al.,

      Plaintiffs,

v.

RICK SCOTT, etc., et al.,

      Defendants.

_____/

CONSOLIDATED
CASE NO.  4:14cv107-RH/CAS

## ORDER DENYING LEAVE FOR FLORIDA
## FAMILY ACTION TO INTERVENE BUT
## ALLOWING IT TO PARTICIPATE AS AMICUS

In these consolidated actions, the plaintiffs challenge provisions of the Florida Constitution and Florida Statutes on same-sex marriage.  The defendants include Florida's Governor and Attorney General, both of whom disagree with the plaintiffs on the merits.  Florida Family Action, Inc. ("FFA"), a "cultural action organization" that opposes same-sex marriage, has moved to intervene in each consolidated action as a defendant.  This order denies the motions but allows FFA to file a timely amicus memorandum on any legal issue submitted by the parties.

I

Federal Rule of Civil Procedure 24(a) entitles a person to intervene as of right if (1) a federal statute gives the person an unconditional right to intervene, or (2) the person "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest."

No federal statute gives FFA an unconditional right to intervene in an action of this kind. So Rule 24(a)(1) does not entitle FFA to intervene.

Under Rule 24(a)(2), the "interest" that a proposed intervenor claims

> must be a particularized interest rather than a general grievance. *See Howard v. McLucas*, 782 F.2d 956, 959 (11th Cir.1986) (using standing cases to determine that intervenors with only generalized grievance could not intervene); *Athens Lumber Co., Inc. v. Federal Election Commission*, 690 F.2d 1364, 1366 (11th Cir.1982) (citing standing cases to determine that intervenor's claimed interest that unions would be financially overwhelmed in federal elections too generalized to support claim for intervention of right).

*Chiles v. Thornburgh*, 865 F.2d 1197, 1212-13 (11th Cir. 1989).

FFA "claims an interest" in the same-sex-marriage issue, but it is a generalized interest, not a particularized interest in anything directly affecting FFA or its members. No FFA member seeks to enter a same-sex-marriage or will be directly affected if others enter same-sex marriages. FFA's generalized interest in opposing same-sex marriage does not entitle FFA to intervene. *See Hollingsworth*

*v. Perry*, 133 S. Ct. 2652, 2663 (2013) (holding—on the issue of standing—that a similar advocacy organization had no role in the enforcement of a same-sex-marriage constitutional amendment after its passage and therefore lacked a "personal stake" in the litigation "that [wa]s distinguishable from the general interest of every citizen"); *see also Chiles*, 865 F.2d at 1213 ("[S]tanding cases . . . are relevant to help define the type of interest that the intervenor must assert.").

Another ground also supports this result. The existing defendants, especially the Governor and Attorney General, can be relied upon to adequately—indeed, zealously—defend these actions on the merits. Under the plain language of Rule 24(a)(2), a person is not entitled to intervene when an existing party already adequately represents the interest claimed by the proposed intervenor.

II

Federal Rule of Civil Procedure 24(b) gives a district court discretion to allow a person to intervene on a "timely motion" if (1) a federal statute gives the person a conditional right to intervene, or (2) the person "has a claim or defense that shares with the main action a common question of law or fact."

No federal statute gives FFA a conditional right to intervene in an action of this kind. But FFA asserts a defense that shares with the main actions common questions of law. FFA's motion to intervene was timely. The court has discretion

to allow—or disallow—intervention. That FFA lacks standing to bring its own action does not preclude intervention. *Chiles*, 865 F.2d at 1213.

The better course here is to deny intervention but to allow FFA to be fully heard as an amicus. Factors that support this conclusion include the meager if not nonexistent benefit that would flow from allowing FFA to intervene as opposed to just allowing FFA to participate as an amicus, the unnecessary procedural complexity that intervention would entail, and the likelihood that allowing FFA to intervene would bring forth other proposed intervenors who would assert only generalized political interests and whose participation probably would generate more heat than light. FFA's views as amicus will be welcome, but FFA's intervention would bring little additional value.

### III

For these reasons,

IT IS ORDERED:

1. FFA's motions to intervene, ECF No. 22 in Case No. 4:14cv107 and ECF No. 13 in Case No. 4:14cv138, are DENIED.

2. FFA may file a memorandum as amicus curiae on any motion. The deadline for FFA to do so is the corresponding deadline for the memorandum of the party whose position FFA supports. But when FFA supports the moving party, the deadline for FFA's amicus memorandum in support of the motion is the earlier

of (a) the deadline for filing the motion, if there is a deadline, or (b) seven days after the filing of the motion, without a three-day extension based on electronic service of the motion.

    3.    The page limit for an amicus memorandum is 25 pages.

    4.    Each amicus memorandum must include the information listed in Federal Rule of Appellate Procedure 29(c)(5).

    5.    The clerk must add FFA to the docket as an amicus so that its attorneys receive electronic notices of filings.

    SO ORDERED on April 24, 2014.

                                 s/Robert L. Hinkle  
                                 United States District Judge