IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES DOMER BRENNER et al.,

    Plaintiffs,

v.

CONSOLIDATED
CASE NO.  4:14cv107-RH/CAS

RICK SCOTT, etc., et al.,

    Defendants.

_____/

ORDER DENYING LEAVE FOR
CHRIS SEVIER TO INTERVENE

    In these consolidated actions, the plaintiffs challenge provisions of the Florida Constitution and Florida Statutes on same-sex marriage.  Chris Sevier has moved to intervene, apparently asserting he wishes to marry his computer.  Perhaps the motion is satirical.  Or perhaps it is only removed from reality.  Either way, the motion has no place in this lawsuit.  Mr. Sevier has alleged nothing that would support intervention.  *See* Fed. R. Civ. P. 24.

    More egregiously, Mr. Sevier has tendered—but I have directed the clerk not to file—a document that purports to amend the plaintiffs' amended motion for

declaratory and injunctive relief.  The tendered document purports to be a "second amended motion for declaratory and injunctive relief," and it purports to be tendered not just by Mr. Sevier on his own behalf but by the original plaintiffs through their own attorneys.  Mr. Sevier should take note: he has no authority to tender a document on behalf of anyone other than himself.  Filing a document in someone else's name without the person's authority is a serious offense; electronically signing or otherwise reproducing an attorney's signature on a document without the attorney's authority is a serious offense; and doing any of this again will have substantial consequences.

For these reasons,

IT IS ORDERED:

1. Mr. Sevier's motion to intervene is DENIED.

2. The clerk must hold for 90 days (and make available for inspection by any person on request) but must not file Mr. Sevier's tendered "second amended motion for declaratory and injunctive relief."

3. Mr. Sevier must not tender for filing any document on behalf of anyone other than himself.

4. The clerk must provide a copy of this order to the attorneys of record through the electronic filing system and to Mr. Sevier by mail.  The clerk must provide to Mr. Sevier copies of further filings dealing specifically with his

attempted intervention but must not add Mr. Sevier to the docket or service list for other documents.

    SO ORDERED on April 24, 2014.

                                    s/Robert L. Hinkle
                                    United States District Judge