**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

*JAMES DOMER BRENNER, et al.,*     )
                                    )
            *Plaintiffs,*           ) Case No:  4:14-cv-107/RH
                                    )
*vs.*                               ) *Tallahassee, Florida*
                                    ) *March 26, 2014*
*RICK SCOTT, etc., et al.,*         ) *9 A.M.*
                                    )
            *Defendants.*           )
                                    )

**TRANSCRIPT OF TELEPHONIC SCHEDULING CONFERENCE
BEFORE THE HONORABLE ROBERT L. HINKLE,
UNITED STATES DISTRICT JUDGE**

APPEARANCES VIA TELEPHONE:

For the Plaintiffs:       Sheppard, White,
                          Kachergus & DeMaggio, P.A.
                          By: WILLIAM J. SHEPPARD
                              Attorney at Law
                              *sheplaw@att.net*
                          215 Washington Street
                          Jacksonville, Florida   32202

                          Bledsoe, Jacobson, Schmidt,
                          Wright, & Wilkinson
                          By:  SAMUEL S. JACOBSON
                               Attorney at Law
                               *sam@jacobsonwright.com*
                          1301 Riverplace Boulevard
                          Jacksonville, Florida   32207



***JUDY A. GAGNON, RMR, FCRR***
*Official United States Court Reporter*
*111 North Adams Street * Tallahassee, Florida  32301-7717*
*(850) 561-6822*

```
APPEARANCES VIA TELEPHONE: (CONTINUED)

  For the Defendants:      Pamela Jo Bondi
                           Attorney General
                           By:  ALLEN WINSOR
                                Solicitor General
                                ADAM S. TANENBAUM
                                Chief Deputy Solicitor General
                                allen.winsor@myfloridalegal.com
                                adam.tanenbaum@myfloridalegal.com
                           Office of the Attorney General
                           PL 01 The Capitol
                           Tallahassee, Florida   32399-1050


Also Present Via Telephone:

Representing Plaintiffs in Case No. 4:14-cv-138/RH:

Podhurst, Orseck, P.A.
By:  STEPHEN FREDERICK ROSENTHAL
     Attorney at Law
     srosenthal@podhurst.com
25 West Flagler Street
Suite 800
Miami, Florida 33130
```

*P R O C E E D I N G S*

THE COURT: Good morning. This is Judge Hinkle.

I wanted to have this hearing to take stock of where we are and to see about setting up a schedule. The attorneys on the phone represent the plaintiffs and, as far as I can tell, the State defendants.

When I set the hearing, I expected the defendants to have about two weeks' notice of the motion and the issues so that there would be plenty of time to prepare for the hearing. Since then the plaintiffs have tendered an amended complaint that substantially changes the issues, I think, and I'm not sure how much notice of that has been given to the defendants.

So the first thing I need to do before we go forward is to find out what notice has been given to the defendants; and, in particular, there is nothing in the record that shows that Mr. Bazzell has any notice of this at all.

So, if you can start for me, Mr. Jacobson or Mr. Sheppard, tell me where you stand on those issues.

MR. SHEPPARD: Your Honor, the amended complaint was served on the State defendants on March 18, and the -- I guess we can call it the county defendant, Mr. Bazzell, has not been served. He's probably being served today or tomorrow.

THE COURT: What notice does he have of this hearing?

MR. SHEPPARD: He doesn't have any.

THE COURT: All right. Well, that's the end of this

```
 1   hearing.
 2          Let me tell you, folks, I'm a due-process guy.
 3   Everybody is going to get notice and an opportunity to be
 4   heard.  I'll put the hearing back.
 5          How are you on April the 10th at 3:00 in the
 6   afternoon?  Any of the attorneys that are involved in this
 7   case have a problem at 3:00 on April 10?
 8          MR. JACOBSON:  This is Sam Jacobson.  I expect to be
 9   in a Duval County State Court jury trial the week of April
10   7th.
11          THE COURT:  All right.  And the first speaker, was
12   that Mr. Sheppard?
13          MR. SHEPPARD:  Yes, Your Honor.
14          THE COURT:  How about April 18th at 9:00 in the
15   morning?
16          All right.  We'll resume this hearing on April 18th
17   at 9:00 in the morning.  I guess I should ask Mr. Sheppard or
18   Mr. Jacobson.  There is nothing more urgent than that, is
19   there?
20          MR. SHEPPARD:  No, I don't believe so, Your Honor.
21   We discussed the schedule with the State defendants' counsel,
22   and we had projected about 30 days from now in anticipation of
23   talking about that.  So I think -- I don't -- I see this as a
24   case where we need to try to get to the merits and nothing
25   urgent, if you will.
```

*1*      THE COURT:  All right.  Good.

*2*      MR. WINSOR:  Your Honor?

*3*      THE COURT:  Yes.  Who is this?

*4*      MR. WINSOR:  This is Allen Winsor with the Attorney
*5* General's Office.  And I don't want to get ahead of ourselves
*6* here, but under the -- we have current deadlines under the
*7* operation of the ordinary rules to respond to the amended
*8* motion for preliminary injunction by 14 days, plus 3 from the
*9* service, and, of course, an obligation to respond to the
*10* complaint as well.  And we had discussed among the parties,
*11* you know, doing a one response for both -- in other words,
*12* incorporating the motion to dismiss into the response.  And if
*13* it's -- we would -- to preserve that option, if it's okay with
*14* the court, perhaps we could stay the current deadlines until
*15* after this conference that you set, or however the court
*16* prefers, but --

*17*     THE COURT:  That's certainly okay.  That's what I
*18* wanted to discuss today.  I guess I should have asked.  Do you
*19* expect to represent Mr. Bazzell, or do you expect him to have
*20* separate representation?

*21*     MR. WINSOR:  I'm not sure, Your Honor.  I hope to get
*22* to that soon, but I don't know the answer to that.  But we
*23* do -- in case you hadn't seen, last night we did enter an
*24* appearance for the other agency defendants, so -- and we
*25* represent those four.

*1*    THE COURT:  I did see that.  So you've got all of the
*2* State defendants, and you don't know yet whether you have
*3* Mr. Bazzell.
*4*    MR. WINSOR:  Correct.
*5*    THE COURT:  Had the two sides, have you discussed a
*6* schedule for responding, a briefing schedule?
*7*    MR. WINSOR:  Yes, sir.
*8*    THE COURT:  And what was that going to be?
*9*    MR. WINSOR:  Well, there's another complicating
*10* factor that -- there's a separate lawsuit that we anticipate
*11* moving to consolidate that's also in front of Your Honor
*12* called Grimsley, and I know their counsel are listening in on
*13* this conference.  So we had discussed the possibility of
*14* coordinating one briefing schedule, assuming, you know, if the
*15* court were inclined to consolidate those, and I know there is
*16* no motion pending or anything.
*17*    Essentially, we had suggested, putting aside
*18* Mr. Bazzell, but the possibility of a schedule that would be
*19* basically one month, 30 days, would be the time for us to file
*20* a memorandum of law that would both respond to the preliminary
*21* injunction motion and move to dismiss, you know, of course,
*22* with a lot of overlapping argument.  And then they would have
*23* whatever time they needed to respond, and then a hearing after
*24* that that would fit within the court's schedule.  I don't want
*25* to represent that there was a firm agreement on that, but that

1  is, more or less, where we left off yesterday.
2           THE COURT:  In the other case, do I have everybody on
3  the phone from that case, an attorney for both sides in that
4  case?
5           MR. WINSOR:  Yes, sir.  We represent the defendants,
6  the same four defendants in that case.  Mr. Bazzell is not in
7  that case.  And then counsel for the plaintiff is on here.
8           I should say that the loose agreement I was taking
9  about was with the plaintiffs in this case; although, we
10 shared that with the plaintiffs in the Grimsley case.
11          THE COURT:  Look, if everybody is in favor of
12 consolidation, then I'm likely to be in favor of
13 consolidation, too.
14          At the outset the cases were a little different, as I
15 understood it, because this case, the Brenner case, had a
16 couple already married, but the amended complaint brings in a
17 couple who are not married, and so -- and I haven't looked at
18 the other case other than very briefly, but that's more of the
19 same issue.  And certainly I understand that the attorneys
20 involved in either one of those cases would like to have
21 notice and their opportunity to be heard as the issues get
22 submitted.
23          The legal rulings in one case are likely to be the
24 same as the legal rulings in another case, to the extent that
25 the issues are the same.  So coordinating handling the cases

*1*  certainly makes sense.

*2*      MR. ROSENTHAL:  Your Honor, may I jump in?

*3*      THE COURT:  Who is this?

*4*      MR. ROSENTHAL:  I'm sorry, Your Honor.  This is

*5*  Stephen Rosenthal, one of the plaintiffs' counsel in the other

*6*  case, in the Grimsley case.

*7*      I just wanted to put in a word that, and recognizing

*8*  that this is not a hearing technically about our case, but we

*9*  would like the opportunity to discuss, you know, coordinating

*10*  scheduling with the defendants for purposes of our own

*11*  involvement as well, and we haven't really had a full

*12*  opportunity to do that yet.

*13*      THE COURT:  I understand.

*14*      Mr. Winsor, what you were talking about was doing

*15*  your filings roughly the end of April, or 30 days -- were you

*16*  talking 30 days from now, roughly, or were you talking 30 days

*17*  from -- well, the First Amended Complaint was March 18th.

*18*      MR. WINSOR:  Yes, Your Honor.  I was talking about 30

*19*  days from today for that.  And we're happy to offline get with

*20*  the others, both sets of plaintiffs, and try and work out

*21*  something that -- include Mr. Bazzell in that and try to work

*22*  out something that works for everyone, assuming there's

*23*  consolidation.  And then we can be prepared to discuss that at

*24*  the conference you set on the 18th.

*25*      THE COURT:  Perfect.

1  MR. WINSOR: I would only ask in the interim that you
2  stay our current deadline to respond to the complaint and
3  preliminary injunction in this case. And then, in the other
4  case, since this isn't that hearing, we will file the
5  appropriate motion. There is no preliminary injunction
6  pending in the other case, just a complaint. So we'll discuss
7  that with the other side and file any motion as appropriate,
8  but I'm not asking for any relief here, because this is not
9  that case.
10  THE COURT: All right. Look, I'll notice a status
11  conference in the other case as well. So April 18th at 9:00,
12  let's have a discussion of scheduling in each case. In one
13  case we've got a preliminary injunction motion. We can talk
14  about consolidation with the merits, whether there's any
15  urgency to this, and a full briefing schedule. But I will put
16  it back -- put your deadline to respond back to April 25th.
17  That's 30 days from today. That's a week after our hearing.
18  And if you agree to a different schedule, you can expect it
19  probably to be approved. I don't expect to take issue with
20  what you ask me to do, as long as nobody is asking for an
21  unreasonable delay for no reason.
22  One thing you may want to talk about -- and,
23  Mr. Winsor, if you would, pass all of this along to
24  Mr. Bazzell.
25  MR. WINSOR: Yes, Your Honor.

*1*         THE COURT: There, of course, are cases like this
*2* around the country. I haven't made any effort to go out and
*3* find them, but I do read U.S. Law Week every week, and I read
*4* the newspapers. So there are other cases moving through the
*5* federal system at various stages. I don't know off the top of
*6* my head whether there are any in the Eleventh Circuit.
*7*         At some point what we need is just a definitive
*8* ruling, and of course a definitive ruling never comes from a
*9* District Court on issues like this. So what you need to be
*10* thinking about is the most efficient way to get the case to
*11* the Eleventh Circuit; and, if there are other cases that are
*12* ahead of this one and are going to get there first, then there
*13* is a limit of what can be accomplished in this case.
*14*         MR. SHEPPARD: I researched -- this is Sheppard --
*15* this is the only Eleventh Circuit case that I'm aware of in
*16* the federal system.
*17*         THE COURT: All right. In any event, let's talk
*18* about all of that on the 18th and where we go. I will notice
*19* the hearing in each case.
*20*         And, Mr. Winsor, I'll put your deadlines back until
*21* the 25th; and then, as I say, if all of the parties agree on
*22* something different, we can talk about it on the 18th.
*23*         MR. WINSOR: Thank you, Your Honor.
*24*         THE COURT: And for the plaintiffs, get this provided
*25* to Mr. Bazzell. I don't care if it's formally served

*1* immediately, but he needs to get notice that it's out there so
*2* that he can get his lawyer or get either representation by
*3* Mr. Winsor, if that's how it's going to go, or representation
*4* by somebody else, and that he can be fully up to speed and
*5* participate on the 18th.
*6*          MR. JACOBSON:  Judge, this is Sam Jacobson.  Can we
*7* assume that the status hearing is going to be by telephone as
*8* well, or will you want us in person?
*9*          THE COURT:  No.  Let's do it over the phone.  If
*10* everybody wants to come in person, it's a little easier for me
*11* in person; but, frankly, the advantage is not nearly enough to
*12* warrant people traveling.  I think we can do this on the
*13* phone.
*14*          MR. SHEPPARD:  Thank you, Your Honor.
*15*          THE COURT:  All right.  Anything else?
*16*          MR. SHEPPARD:  No, sir.
*17*          THE COURT:  Thank you all.  I'll talk with you on the
*18* 18th.
*19*          MR. WINSOR:  Thank you, Your Honor.
*20*          MR. ROSENTHAL:   Thank you.
*21*     (*The proceedings adjourned at 9:19 a.m.*)
*22*                 *   *   *   *   *   *   *   *
*23*
*24*
*25*

```
 1  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.  Any
 2  redaction of personal data identifiers pursuant to the
    Judicial Conference Policy on Privacy are noted within the
 3  transcript.

 4


 5


 6  *Judy A. Gagnon*                              9/10/2014
    Judy A. Gagnon, RMR, FCRR                    Date
 7  Official U.S. Court Reporter
```