# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

**JAMES DOMER BRENNER et al.,**

     **Plaintiffs,**

**v.**                 **Case No.  4:14cv107-RH/CAS**

**RICK SCOTT, et al.,**

     **Defendants.**

_____/

**SLOAN GRIMSLEY et al.,**

     **Plaintiffs,**

**v.**                 **Case No. 4:14cv138-RH/CAS**

**RICK SCOTT, et al.,**

     **Defendants.**

_____/

## EMERGENCY MOTION FOR CLARIFICATION AND MEMORANDUM OF LAW

Defendant, the Clerk of Court of Washington, County, Florida ("Clerk"), moves for clarification of the Court's Order Denying the Motions to Dismiss, Granting a Preliminary Injunction, and Temporarily Staying the Injunction dated August 21, 2014 ("Injunction").  Specifically, the Clerk requests clarification as to whether the Injunction requires that the Clerk only issue marriage licenses to Stephen Schlairet and Ozzie Russ as specifically set forth in the Injunction, both of whom are parties to this matter, or if the Injunction requires that the Clerk issue

marriage licenses to all same-sex couples who apply once the stay expires at the end of the day on January 5, 2015.

Because this matter presents issues that are extremely time sensitive and require immediate resolution, and because there are criminal penalties associated with the issuance of marriage licenses to same-sex couples in the state of Florida which could place the Clerk in immediate jeopardy if she inadvertently acts outside the scope of the Injunction, the Clerk respectfully requests that the Court waive the time requirements of Local Rule 7.1 and hear this matter on an expedited basis. The more particular grounds for this motion are stated in the supporting memorandum below.

## MEMORANDUM OF LAW

The Injunction requires the Clerk to issue a marriage license to Stephen Schlairet and Ozzie Russ, a same-sex couple, "the later of (a) 21 days after any stay of this preliminary injunction expires or (b) 14 days after all information is provided and all steps are taken that would be required in the ordinary course of business as a prerequisite to issuing a marriage license to an opposite-sex couple." Injunction at 32, ¶ 6. The Court entered a stay of the Injunction pending appeal. *Id.* at 32-33. By order dated December 3, 2014 in Case No. 14-14061, the Eleventh Circuit denied a motion to extend the stay. On Friday, December 19,

2014, the United States Supreme Court also denied an application for stay. Therefore, the stay expires at the end of the day on January 5, 2015.

The Clerk will comply with the Injunction upon the expiration of the stay and, as directed by the Court, will issue a marriage license to Plaintiffs Schlairet and Russ within the time frame as set forth in the Injunction. However, the Clerk anticipates that upon the stay's expiration she will receive other applications for marriage licenses from same-sex couples.

Pursuant to section 741.05, Florida Statutes, it is a misdemeanor of the first degree, punishable by imprisonment of up to one year and a fine of up to $1,000, for a clerk of court (or county court judge) to issue a marriage license to a same-sex couple. § 741.05, Fla. Stat.; *see also* §§ 741.03, 741.04(3), Fla. Stat. While the Injunction undoubtedly orders the Clerk to issue licenses to Plaintiffs Schlairet and Russ, thus providing the Clerk with protection from criminal prosecution for that action, the Clerk is uncertain whether the Injunction requires her to issue marriage licenses to other same-sex couples. Indeed, the Clerk is aware of confusion among clerks of court of counties throughout Florida as to whether or how to implement the Court's order.

Because of the threat of being in contempt of the Injunction on the one hand, and the jeopardy of being found to have violated her oath to uphold the law and

facing criminal prosecution on the other,[1] the Clerk respectfully requests the Court provide immediate clarification as to the scope of the Injunction and whether it extends to other non-party same-sex couples who apply to the Clerk for a marriage license.

## CONCLUSION

Because of the time-sensitive nature of these issues associated with the impending expiration of the stay of the Injunction, and the jeopardy for criminal penalties for actions taken outside the scope of the Injunction, the Clerk respectfully requests expedited clarification as to whether the Injunction requires the Clerk to issue marriage licenses to same-sex couples who are not parties to this proceeding.

## RULE 7.1(B) CONFERENCE

Counsel for the Clerk conferred with counsel for Plaintiffs and is authorized to report that Plaintiffs consent to the filing of the motion but object to any relief afforded as a result of this motion that would limit the scope of the Injunction.

---

[1] Notably, no state attorney is a party to this case and thus, the injunction would presumably not prevent a state attorney from enforcing the criminal penalties under Florida law.

Respectfully submitted,
Jeff Goodman, P.A.


  /s/ James J. Goodman, Jr.
James J. Goodman, Jr.
Jeff Goodman, P.A.
Florida Bar No.  0071877
946 Main Street
Chipley, Florida 32428
850-638-9722 Phone
850-638-9724 Fax
office@jeffgoodmanlaw.com

*Counsel for Washington County Clerk of Court, Harold Bazzell (Defendant)*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of December, 2014, I electronically filed the foregoing with Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following:

WILLIAM J. SHEPPARD, ESQUIRE
sheplaw@att.net
BRYAN E. DEMAGGIO, ESQUIRE
sheplaw@att.net
**SHEPPARD, WHITE &
KACHERGUS, P.A.**
215 Washington Street
Jacksonville, Florida 32202
*Counsel for Plaintiffs/Appellees
in Case No. 14-14061*

ADAM S. TANENBAUM
*Chief Deputy Solicitor General*
adam.tanenbaum@myfloridalegal.com
ALLEN WINSON
*Solicitor General*
Allen.winsor@myfloridalegal.com
**PAMELA JO BONDI
OFFICE OF THE
ATTORNEY GENERAL**
The Capitol – PL01
Tallahassee, Florida 32399-1050
*Counsel for the Defendant/Appellant
Secretary of the Florida Department
of Health and The Secretary for the
Florida Department of Management
Services*

STEPHEN F. ROSENTHAL,
ESQUIRE
srosenthal@podhurst.com
**PODHURST ORSECK, P.A.**
25 West Flagler Street, Suite 800
Miami, Florida 33130
*Counsel for Plaintiffs/Appellees in
Case No. 14-14066*

HORATIO G. MIHET, ESQUIRE
hmilhet@liberty.edu
**LIBERTY COUNSEL**
1055 Maitland Center
Commons Floor 2
Maitland , Florida 32751-7214
*Counsel for Amicus*

MARIA KAYANAN, ESQUIRE
DANIEL BOAZ TILLEY, ESQUIRE
**mkayanan@aclufl.org
ACLU FOUNDATION OF
FLORIDA, INC.**
4500 Biscayne Blvd Ste 340
Miami, Florida 33137-3227
*Counsel for Plaintiffs/Appellees
in Case No. 14-14066*