IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES DOMER BRENNER et al.,

    Plaintiffs,

v.

RICK SCOTT, etc., et al.,

    Defendants.

_____/

CONSOLIDATED
CASE NO.  4:14cv107-RH/CAS

**ORDER SETTING PROCEDURES ON THE
EMERGENCY MOTION TO CLARIFY**

    In these consolidated actions, the plaintiffs challenge provisions of the Florida Constitution and Florida Statutes on same-sex marriage.  The defendants include the Secretary of the Florida Department of Management Services and the Florida Surgeon General, both in their official capacities.  The plaintiffs also named as defendants the Governor and Attorney General of Florida, but I dismissed the claims against them as redundant, after the Secretary, acting through the Attorney General as the Secretary's attorney, acknowledged that the Secretary was an appropriate defendant and that full relief could be granted against the

Secretary, without the need for another state official.  *See* Order of August 21, 2014, ECF No. 74, at 13 (confirming the acknowledgement).

A preliminary injunction is in place and has been for more than four months. It includes this provision, designated as paragraph 4:

> The defendant Secretary of the Florida Department of Management Services and the defendant Florida Surgeon General must take no steps to enforce or apply these Florida provisions on same-sex marriage: Florida Constitution, Article I, § 27; Florida Statutes § 741.212; and Florida Statutes § 741.04(1).  The preliminary injunction set out in this paragraph will take effect upon the posting of security in the amount of $500 for costs and damages sustained by a party found to have been wrongfully enjoined.  The preliminary injunction binds the Secretary, the Surgeon General, and their officers, agents, servants, employees, and attorneys—*and others in active concert or participation with any of them*—who receive actual notice of this injunction by personal service or otherwise.

*Id*. at 31 (emphasis added).

A separate provision of the preliminary injunction, designated as paragraph 6, requires the Clerk of Court of Washington County, Florida—a defendant in one of the consolidated actions—to issue a marriage license to two named individuals, if specific conditions are met.

I stayed the preliminary injunction until 91 days after stays were denied or lifted for three specific decisions of federal courts of appeals.  The United States Supreme Court and those courts of appeals lifted their stays.  By its terms, my original stay was set to expire at the end of the day on January 5, 2015.

The defendants filed motions to extend the stay in this court, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court. The defendants lost all the motions. Unless a court reconsiders—an unlikely possibility—the stay will end on January 5. From January 6 forward, compliance with the injunction will be mandatory.

The Clerk of Court of Washington County has moved to clarify the injunction. The Clerk asks, in effect, whether she is bound only by paragraph 6 (which requires issuance of a marriage license to two named individuals) or also by paragraph 4 (which prohibits *any* action based on the Florida constitutional provision and statutes banning same-sex marriages).

By its terms, paragraph 4 binds two Florida officials with statewide jurisdiction—the Secretary of the Department of Management Services and the Surgeon General—and "their officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of [the] injunction by personal service or otherwise." ECF No. 74 at 31. The Attorney General of Florida is an attorney of record for the Secretary and Surgeon General in these actions.

So that the Clerk's motion may be properly resolved,

IT IS ORDERED:

1.	The Secretary of the Department of Management Services must file by December 29, 2014, a response to the Clerk's motion to clarify.  The response must explicitly set out the Secretary's position on whether paragraph 4 of the preliminary injunction binds a Florida clerk of court.

2.	The Secretary also must file by December 29, 2014, a copy of each paper the Secretary filed in the Eleventh Circuit or Supreme Court on the stay issue or on the effect the preliminary injunction will have if not stayed.

3.	The Surgeon General and the plaintiffs may file by December 29, 2014, a response to the Clerk's motion to clarify.

SO ORDERED on December 24, 2014.

s/Robert L. Hinkle<br>United States District Judge