IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES DOMER BRENNER, *et al.*,

    *Plaintiffs*,

v.                                                          Case No. 4:14-cv-107-RH/CAS

RICK SCOTT, *et al.*,

    *Defendants*.
_____/

SLOAN GRIMSLEY, *et al.*,

    *Plaintiffs*,

v.                                                          Case No. 4:14-cv-138-RH/CAS

RICK SCOTT, *et al.*,

    *Defendants*.
_____/

## DMS SECRETARY'S RESPONSE TO CLERK'S EMERGENCY MOTION FOR CLARIFICATION

Pursuant to this Court's December 24, 2014, order requiring a response, the Secretary of the Florida Department of Management Services (the "DMS Secretary") responds to the Washington County Clerk of Court's Emergency Motion for Clarification, DE 99.

This Court is best situated to determine the reach of its own order. *See Ala. Nursing Home Ass'n v. Harris*, 617 F.2d 385, 388 (5th Cir. 1980) ("Great deference is due the interpretation placed on the terms of an injunctive order by the court who issued and must enforce it."). If the Court intends for paragraph 4 to bind a Florida clerk of court

(or all Florida clerks of court), additional specificity may be appropriate to place any such clerk on proper notice. *Cf. id.* at 387-88 (requirement of specificity and detail "ensures that individuals against whom an injunction is directed receive explicit notice").[1]

The "persons bound" provisions of Rule 65(d)(2), reflected in paragraph 4, do not broaden that paragraph's scope. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) (Rule 65 language "is derived from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control. In essence [the rule] is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding."). A clerk is not in privity with the DMS and Health Secretaries, represented by them, or subject to their control. Instead, a Florida clerk of court is an independent constitutional officer. *See* Fla. Const. art. V, § 16; *see also Long v. Willis*, 100 So. 3d 4, 10 (Fla. 2d DCA 2011) ("The clerk of the circuit court is a separate constitutional officer elected by the voters and not selected by the judges of the circuit.").[2]

---

[1] As previously acknowledged, the injunctions in paragraph 4 will have statewide effect as to the relief ordered against the Secretaries. *See, e.g.*, DE 92 at 6 n.2.

[2] In its December 24 order, the Court stated that it dismissed claims against the Governor and Attorney General "after the Secretary, acting through the Attorney General as the Secretary's attorney, acknowledged that the Secretary was an appropriate defendant and that full relief could be granted against the Secretary, without the need for another state official." DE 101 at 1-2 (citing injunction order). The cited injunction order states that "[a]s the state defendants acknowledge, an order directed to the Secretary—or, for matters relating to the death certificate, to the Surgeon General—will be sufficient to provide complete relief." DE 74 at 13. The state defendants did not challenge the plaintiffs' standing to bring claims against the DMS Secretary regarding pension and retirement benefits, but the state defendants have never suggested that they have authority

In a separate case, counsel for the *Brenner* plaintiffs advised another federal court that "the injunctive relief in *Brenner* affects the following people: the Agency Secretary of the Florida Department of Management Services, the Florida Surgeon General, and Secretary of Health for the State of Florida, and the Clerk of Court of Washington County, Florida." *Wall-DeSousa v. Florida DHSMV*, Brief, Case No. 14-1959, Dec. 9, 2014, DE 12 at 4 (M.D. Fla.); *see also id.* at 4-5 ("Although, in principle, *Brenner* does state that section 747.212 [sic] violates the Constitution, the nature of the injunction entered there is implemented in a very specific context. ... [B]ecause it is a Northern District of Florida case, [it] is not binding on this court.").

If the Court intends the injunction to have effects beyond those that appear on its face, or beyond the interpretation of the *Brenner* plaintiffs' counsel, the Court may wish provide appropriate clarification.[3]

[*Signature on following page*.]

---

to issue marriage licenses (or compel others to do so). Nor has any plaintiff pleaded any claim for any marriage license against any state defendant. *See* DE 10 at 18 (Brenner plaintiffs' prayer for relief).

[3] Pursuant to the Court's order, attached as Appendices A and B, respectively, are the defendants' Application to Stay filed with the United States Supreme Court on December 15, 2014, and the defendants' Motion to Extend Stay filed with the Eleventh Circuit on November 18, 2014. Because the defendants' Eleventh Circuit initial brief also notes the stay, that brief is attached as Appendix C.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

*/s/ Allen Winsor*
ALLEN WINSOR (FBN 16295)
   *Solicitor General*
ADAM S. TANENBAUM (FBN 117498)
   *Chief Deputy Solicitor General*

Office of the Attorney General
The Capitol – PL01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3681
Facsimile: (850) 410-2672
allen.winsor@myfloridalegal.com
adam.tanenbaum@myfloridalegal.com

*Counsel for the DMS Secretary*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of December, 2014, a true copy of the foregoing was filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to all plaintiffs' and defendants' counsel of record registered with the Court for that purpose.

*/s/ Allen Winsor*
Allen Winsor
