IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JAMES DOMER BRENNER et al.,

     Plaintiffs,

v.

RICK SCOTT, etc., et al.,

     Defendants.

_____/

CONSOLIDATED
CASE NO.  4:14cv107-RH/CAS


**ORDER ON THE SCOPE OF THE
PRELIMINARY INJUNCTION**


     In this consolidated case, the plaintiffs challenge provisions of the Florida Constitution and Florida Statutes banning same-sex marriage.  Two plaintiffs are unmarried; they seek issuance of a Florida marriage license.  The other plaintiffs are individuals (and an association representing individuals) who were married in other jurisdictions and seek recognition of their marriages in Florida.  The defendants, all in their official capacities, are the Secretary of the Florida Department of Management Services, the Florida Surgeon General, and the Clerk of Court of Washington County, where the two unmarried plaintiffs reside.

A preliminary injunction is in place and has been for more than four months. It holds unconstitutional the Florida ban on same-sex marriage.  Now the Clerk has filed an emergency motion to clarify the preliminary injunction.  She asks whether the injunction requires her to issue marriage licenses to all qualified same-sex applicants or only to the two unmarried *plaintiffs*.

The founders of this republic adopted a Constitution and a system for its enforcement.  When there are disagreements about what the Constitution requires, those who are affected may seek a definitive ruling in court.  These plaintiffs did that in this case.  The Secretary and Surgeon General—as duly empowered officials of the State of Florida, represented by the Attorney General—joined issue.  So did the Clerk.  The result was an explicit ruling that Florida's same-sex-marriage ban is unconstitutional.

The United States Supreme Court and federal courts of appeals had stayed similar rulings in other cases.  I stayed the ruling in this case while those stays were in effect and for 91 more days—long enough to allow the defendants to seek a further stay in the United States Court of Appeals for the Eleventh Circuit and, if unsuccessful there, in the United States Supreme Court.  The defendants did that.  They lost.  The United States Supreme Court allowed the ruling in this case to take effect.

History records no shortage of instances when state officials defied federal court orders on issues of federal constitutional law.  Happily, there are many more instances when responsible officials followed the law, like it or not.  Reasonable people can debate whether the ruling in this case was correct and who it binds.  There should be no debate, however, on the question whether a clerk of court *may* follow the ruling, even for marriage-license applicants who are not parties to this case.  And a clerk who chooses not to follow the ruling should take note: the governing statutes and rules of procedure allow individuals to intervene as plaintiffs in pending actions, allow certification of plaintiff and defendant classes, allow issuance of successive preliminary injunctions, and allow successful plaintiffs to recover costs and attorney's fees.

The Clerk has acknowledged that the preliminary injunction requires her to issue a marriage license to the two unmarried plaintiffs.  The Clerk has said she will do so.  In the absence of any request by any other plaintiff for a license, and in the absence of a certified class, no plaintiff now in this case has standing to seek a preliminary injunction requiring the Clerk to issue other licenses.  The preliminary injunction now in effect thus does not require the Clerk to issue licenses to other applicants.  But as set out in the order that announced issuance of the preliminary injunction, *the Constitution* requires the Clerk to issue such licenses.  As in any

other instance involving parties not now before the court, the Clerk's obligation to follow the law arises from sources other than the preliminary injunction.

For these reasons,

IT IS ORDERED:

The motion to clarify, ECF No. 99, is granted.  The preliminary injunction is clarified as set out in this order.

SO ORDERED on January 1, 2015.

                                            s/Robert L. Hinkle
                                            United States District Judge